## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| Kathryn White, | ) |
| Plaintiff, | ) |
| v. | ) No. |
| FMS, Inc., an Oklahoma corporation, | ) |
| Defendant. | ) <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Kathryn White, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; and, b) Plaintiff resides here.

### PARTIES

3. Plaintiff, Kathryn White ("White"), is a citizen of the State of Alabama, residing in the Northern District of Alabama, from whom Defendant attempted to collect a defaulted consumer debt, which she allegedly owed to State Farm Bank for a car loan.

4. Defendant, FMS, Inc. ("FMS"), is an Oklahoma corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails

and/or the telephone to collect, or attempt to collect, defaulted consumer debts. Defendant FMS operates a nationwide defaulted debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Alabama.  In fact, Defendant FMS was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5.    Defendant FMS is authorized to conduct business in the State of Alabama and maintains a registered agent within, see, record from the Alabama Secretary of State, attached as Exhibit A.  In fact, Defendant FMS conducts business in Alabama.

**FACTUAL ALLEGATIONS**

6.    On September 4, 2014, Ms. White and her husband filed a Chapter 13 bankruptcy petition in a matter styled In re: White, N.D. AL. Bankr. No. 14-82413-CRJ13.  Among the debts listed on Ms. White's Schedule D was a debt that she allegedly owed to State Farm Bank, see, Schedule D attached as Exhibit B.

7.    Accordingly, on September 6, 2014, State Farm Bank was sent, via electronic transmission, notice of the bankruptcy by the court, see, the Certificate of Service to the Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors & Deadlines, which is attached as Exhibit C.

8.    Moreover, State Farm Bank filed a claim in the bankruptcy and was paid in full through the bankruptcy.

9.    On September 6, 2017, Ms. White received a discharge of her debts, and on September 7, 2017, State Farm Bank was sent notice of this discharge via electronic transmission, see, the Certificate of Service to the Discharge of Debtor, which is attached as Exhibit D.

10. Plaintiff's bankruptcy is a matter of public record, is on her credit reports, is in the files of the creditor, and is readily discoverable by any competent debt collector via one of the bankruptcy "scrub" services.

11. Moreover, Ms. White's credit report clearly listed Ms. White's bankruptcy on her State Farm Bank debt.  A copy of the relevant portions of Ms. White's Equifax and TransUnion credit reports are attached as Group Exhibit E.

12. Nonetheless, Defendant sent Ms. White a collection letter, dated March 5, 2018, demanding payment of the State Farm Bank debt she allegedly owed prior to the bankruptcy.  A copy of this collection letter is attached as Exhibit F.

13. Defendant's violations of the FDCPA were material because Defendant's continued collection communications after Plaintiff had filed for bankruptcy made her believe that the exercise of her rights, through filing bankruptcy, may have been futile and that she did not have the right to a fresh start that Congress had granted her under the Bankruptcy Code, as well as the her rights under the FDCPA.

14. All of Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

15. Defendant's collection communications are to be interpreted under the "least sophisticated consumer" standard, see, Jeter v. Credit Bureau, 760 F.2d 1168, 1176 (11th Cir. 1985); LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1193-1194 (11th Cir. 2010).

### COUNT I
### Violation Of § 1692e Of The FDCPA --
### Demanding Payment Of A Debt That Is Not Owed

16. Plaintiff adopts and realleges ¶¶ 1-15.

17.   Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).

18.   Demanding payment of a debt that is no longer owed because it was subject to, and in fact, paid through, Plaintiff's bankruptcy, is false and/or deceptive or misleading, in violation of § 1692e of the FDCPA, see, Randolph v. IMBS, Inc., 368 F3d 726, 728-730 (7th Cir. 2004).

19.   Defendant's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(c) Of The FDCPA -- Failure To Cease Communications And Cease Collections

20.   Plaintiff adopts and realleges ¶¶ 1-15.

21.   Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay, see, 15 U.S.C. § 1692c(c).

22.   Here, the bankruptcy and the notices issued by that court (Exhibits B, C and D), provided notice to cease communications and cease collections.  By communicating regarding this debt and demanding payment, despite the debt having been subject to Plaintiff's bankruptcy, and having been paid in full though the bankruptcy, Defendant violated § 1692c(c) of the FDCPA.

23.   Defendant's violation of § 1692c(c) of the FDCPA renders it liable for

actual and statutory damages, costs, and reasonable attorneys' fees, <u>see</u>, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Kathryn White, prays that this Court:

1. Find that Defendant's collection actions violate the FDCPA;

2. Enter judgment in favor of Plaintiff White, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Kathryn White, demands trial by jury.

                        Kathryn White,

                        By: /s/ David J. Philipps
                        One of Plaintiff's Attorneys

                        By: /s/ Ronald C. Sykstus
                        One of Plaintiff's Attorneys

Dated:  July 20, 2018

David J. Philipps     (Ill. Bar No. 06196285)(pro hac vice pending)
Mary E. Philipps     (Ill. Bar No. 06197113)(pro hac vice pending)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Ronald C. Sykstus   (AL Bar No. ASB-7064-K73R)
Bond, Botes, Sykstus, Tanner
   & Ezzell, P.C.
225 Pratt Avenue
Huntsville, Alabama 35801
(256) 539-9899
(256) 713-0237 (FAX)
Rsykstus@bondnbotes.com